BANKRUPTCY RECOVERY GROUP, LLC
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@brg.legal
GARRETT NYE, ESQ.
Illinois Bar No. 6329215
(*Admitted Pro Hac Vice*)
Email: gnye@brg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 702-483-6126
*Attorneys for ACF FINCO I LP*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE:<br><br>RED ROSE, INC., et al.,<br><br>　　　Debtors. | Chapter 11<br><br>Jointly Administered in the United States Bankruptcy Court for the District of Nevada Under<br><br>CASE NO. BK-S-20-12814-mkn |
| ACF FINCO I LP,<br><br>　　　Plaintiff,<br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>　　　Defendant. | Adv. Pro. No. |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL**
**TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550**

ACF FinCo I LP ("Plaintiff") files this Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550 ("Complaint"), and alleges as follows:

**Jurisdiction and Venue**

1.　　On June 11, 2020 (the "Petition Date"), *Red Rose, Inc.* (Case No. BK-S-20-12814-mkn) ("PDLV"); *Beachhead Roofing and Supply, Inc.* (Case No. BK-S-20-12815-mkn)*; California Equipment Leasing Association, Inc.* (Case No. BK-S-20-12816-mkn)*; Fences 4*

*America, Inc.* (Case No. BK-S-20-12818-mkn); *James Petersen Industries, Inc.* (Case No. BK-S-20-12819-mkn); *PD Solar, Inc.* ("PDS") (Case No. BK-S-20-12820-mkn); *PetersenDean Roofing and Solar LLC* (Case No. BK-S-20-12821-mkn); *Petersen-Dean, Inc.* ("PDI") (Case No. BK-S-20-12822-mkn); *Petersen Dean Hawaii LLC* ("PDHW") (Case No. BK-S-20-12823-mkn); *PetersenDean Roofing and Solar Systems, Inc.* ("PDFL") (Case No. BK-S-20-12824-mkn); *PetersenDean Texas, Inc.* ("PDTX") (Case No. BK-S-20-12825-mkn); *Roofs 4 America, Inc.* (Case No. BK-S-20-12826-mkn); *Solar 4 America, Inc.* (Case No. BK-S-20-12827-mkn); *Sonoma Roofing Services, Inc.* (Case No. BK-S-20-12829-mkn); *TD Venture Fund, LLC* (Case No. BK-S-20-12831-mkn); *and Tri-Valley Supply, Inc.* (Case No. BK-S-20-12833-mkn) (referred to together, respectively, as the "Debtors" and the "Cases") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada ("Bankruptcy Court").[1]

2.     This adversary proceeding arises out of and relates to the Cases and is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F), as it involves the avoidance and recovery of certain transfers pursuant to 11 U.S.C. §§ 547 and 550.

3.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

**Parties**

5.     Plaintiff is a creditor of one or more of the Debtors. The claims asserted by Plaintiff in this Complaint were transferred to Plaintiff. The transfer was approved by the Bankruptcy Court.

6.     Kaiser Foundation Health Plan, Inc. ("Defendant") is a pre-petition creditor of PDI, PDS and PDHW located in Oakland, California.

---

[1] On June 23, 2020, the Bankruptcy Court entered an order granting Debtors' Emergency First Day Motion for Order Directing Joint Administration of Related Cases Pursuant to Bankruptcy Rule 1015(b), thereby authorizing the joint administration of the Cases. *In re Red Rose, Inc.,* Case No. BK-S-20-12814-mkn, serves as the lead case. (Docket No. 94).

7. Defendant may be served with a copy of the summons and Complaint, pursuant to Fed. R. Bankr. P. 7004, through its registered agent, CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Sutie 150N, Sacramento, CA 95833.

### Relationship Between Defendant and Debtors

8. On information and belief, Defendant provided good and/or services to PDI, PDS and PDHW.

9. In the 90 days before the Petition Date, PDI, PDS and PDHW transferred no less than $81,917.22 to Defendant ("Transfers") in satisfaction of their obligations on certain invoices issued prior to the date of the Transfers.

10. The Transfers were made by checks drawn on PDI's, PDS's and PDHW's general operating account. The Transfers are composed of the following checks:

| Payment Date | Check No. | Payment Amount |
|---|---|---|
| 03/20/20 | 144228 (PDI) | $ 4,858.40 |
| 03/20/20 | 144231 (PDI) | $ 2,734.09 |
| 04/20/20 | 144318 (PDI) | $ 2,734.09 |
| 04/20/20 | 144319 (PDI) | $ 3,704.53 |
| 05/27/20 | 144572 (PDI) | $ 7,592.49 |
| 05/29/20 | 144614 (PDI) | $ 7,592.49 |
| 03/19/20 | 55391 (PDS) | $ 2,793.58 |
| 03/20/20 | 55390 (PDS) | $ 4,311.83 |
| 03/20/20 | 55392 (PDS) | $ 1,715.51 |
| 04/17/20 | 55447 (PDS) | $ 2,793.58 |
| 04/20/20 | 55448 (PDS) | $ 1,715.51 |
| 04/20/20 | 55449 (PDS) | $ 1,821.90 |
| 04/20/20 | 55450 (PDS) | $ 2,368.47 |
| 05/27/20 | 55605 (PDS) | $ 6,027.34 |
| 05/28/20 | 55604 (PDS) | $ 2,793.58 |
| 05/29/20 | 55625 (PDS) | $ 2,793.58 |
| 05/29/20 | 55626 (PDS) | $ 4,083.98 |
| 03/25/20 | 12273(PDHW) | $ 4,411.08 |
| 03/25/20 | 12274(PDHW) | $ 4,778.67 |
| 05/07/20 | 12297(PDHW) | $10,292.52 |

11. After reviewing Debtors' records and evaluating the likelihood of potential defenses under 11 U.S.C. § 547(c), Plaintiff demanded that Defendant return the Transfers.

BANKRUPTCY RECOVERY GROUP, LLC
7251 Amigo St., Ste. 210
Las Vegas, NV 89119

12. To date, Defendant has not returned the Transfers.

## COUNT I

**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)**

13. Plaintiff hereby incorporates and re-alleges the allegations contained in Paragraphs 1 through 12 of the Complaint as if the same were fully repeated herein.

14. The Transfers were of an interest in property of PDI, PDS and PDHW.

15. The Transfers were made to or for the benefit of Defendant.

16. The Transfers were made on account of antecedent debts owed by PDI, PDS or PDHW to Defendant before the Transfers were made.

17. The Transfers were made while PDI, PDS and PDHW were insolvent, such insolvency being presumed pursuant to 11 U.S.C. § 547(f).

18. The Transfers were made within ninety days before the Petition Date.

19. The Transfers enabled Defendant to receive more than it would have received if (i) PDI's, PDS's and PDHW's bankruptcy cases were cases under Chapter 7 of the Bankruptcy Code, (ii) the Transfers had not been made, and (iii) Defendant received payment of the debt to the extent allowed by the Bankruptcy Code.

20. Based upon the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II

**(Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)**

21. Plaintiff hereby incorporates and re-alleges the allegations contained in Paragraphs 1 through 20 of the Complaint as if the same were fully repeated herein.

22. Defendant was the initial transferee of the Transfers.

23. Defendant was the entity for whose benefit the Transfers were made.

24. Based upon the foregoing, Plaintiff is entitled to recover the Transfers or their value from Defendant pursuant to 11 U.S.C. § 550(a).

. . .

BANKRUPTCY RECOVERY GROUP, LLC
7251 Amigo St., Ste. 210
Las Vegas, NV 89119

**Reservation of Rights**

25. Plaintiff reserves the right to amend this Complaint if additional avoidable transfers are revealed during discovery, including, but not limited to, any claims arising under Chapter 5 of Title 11 of the United States Code.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

a. Find that the Transfers are avoidable pursuant to 11 U.S.C. § 547(b);

b. Find that Plaintiff is entitled to recover the Transfers or their value pursuant to 11 U.S.C. § 550 and enter judgment against the Defendant and in favor of Plaintiff in an amount equal to the Transfers, plus all interest, costs and attorneys' fees as may be allowed by law; and

c. Grant any further relief that the Court deems necessary and proper.

Dated this 27th day May 2022.

BANKRUPTCY RECOVERY GROUP, LLC

By: /s/ Talitha Gray Kozlowski
TALITHA GRAY KOZLOWSKI, ESQ.
GARRETT NYE, ESQ.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for ACF FINCO I, LP*